**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. CR05-0100 |
| vs. | ‖ | **REPORT AND RECOMMENDATION** |
| CURTIS MAXWELL, | ‖ | |
| Defendant. | ‖ | |

_____

This matter comes before the court pursuant to defendant's May 16, 2006 motion to withdraw guilty plea (docket number 43). This matter was referred to the undersigned United States Magistrate Judge for the issuance of a report and recommendation. The court held a change of plea hearing on January 6, 2006, at which the defendant was present and represented by Stanley A. Roush. The government was represented by Assistant United States Attorney C.J. Williams. The defendant is now represented by Eric D. Tindal pursuant to the defendant's request for substitute counsel. As set forth below it is recommended that defendant's motion be denied.

<u>**MOTION TO WITHDRAW GUILTY PLEA**</u>

Defendant's motion to withdraw guilty plea as a felon in possession of a firearm arises out of a burglary incident on September 18, 2005. Defendant entered into a plea agreement with the government on or around January 5, 2006 and pleaded guilty on January 6, 2006. First, the defendant claims that the plea was ineffective because there was an insufficient factual basis to find that the defendant "knowingly" possessed a shotgun. Second, the defendant argues that these same factual deficiencies support a legal defense and therefore demonstrate his innocence. The government resists defendant's motion, arguing that the defendant failed to carry his burden of offering a fair and just

1

reason to withdraw his guilty plea and, furthermore, that his guilty plea is supported by the facts of the case.

## UNDISPUTED MATERIAL FACTS

At approximately 7:30 a.m. on September 18, 2005, defendant Curtis Maxwell ("Maxwell"), together with his co-defendant, Richard Bradley ("Bradley"), unlawfully entered the private residence of Arthur Petrzelka ("Petrzelka") in Amana, Iowa with the intent to steal property. The property taken from the Petrzelka home included the following items: a VCR, three cell phones and accompanying chargers, and one Winchester Model 37, 20 gauge shotgun. The shotgun was commercially manufactured outside of Iowa and therefore traveled in interstate commerce before September 18, 2005. The firearm belonged to Petrzelka and was removed from his home without authorization.

When confronted by the homeowner on the premises, Maxwell and Bradley fled the scene in a white Dodge Shadow registered to a third party, Tara JoAnn Ramey. By 8:16 a.m., police officers responding to a report of the burglary stopped the vehicle which contained Maxwell as the sole passenger, Bradley as the driver, and the stolen property[1] in the back seat. During the subsequent search of the vehicle and the co-defendants, a crack pipe was also seized. Prior to the instant offense, Maxwell was convicted in Illinois for burglary on three prior occasions in 1984, 1990, and 1993, respectively. See Plea Agreement ¶ 17(D)(1)-(3).

## CONCLUSIONS OF LAW

While Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw his plea for any fair and just reason, the Rule "does not create an automatic right

---

[1] This stolen property included, but was not limited, to the shotgun in question.

to withdraw a plea." <u>U.S. v. Gamble</u>, 327 F.3d 662, 663 (8th Cir. 2003) (quoting <u>U.S. v. Kelly</u>, 18 F.3d 612, 618 (8th Cir. 1994)).  Rather, "[a] defendant bears the burden of establishing such a justification." <u>U.S. v. Embrey</u>, 250 F.3d 1181, 1183 (8th Cir. 2001) (citing <u>U.S. v. Prior</u>, 107 F.3d 654, 657 (8th Cir. 1997)).  Factors a court must consider in determining whether to set aside a guilty plea include: (1) whether the defendant has demonstrated a fair and just reason; (2) whether the defendant has asserted his innocence; (3) the length of time between the guilty plea and the motion to withdraw; and (4) whether the government would be prejudiced. <u>Embrey</u>, 250 F.3d at 1183 (citing <u>Prior</u>, 107 F.3d at 657).

The first factor is whether the defendant has demonstrated a fair and just reason to withdraw his guilty plea.  Defendant disagrees with the January 6, 2006 Report and Recommendation's finding that the Plea Hearing "elicited a full and complete factual basis for all of the elements of the crime charged in the Indictment."  Defendant contends that the issue of constructive possession was not properly presented for the defendant's consideration because the stipulated facts and record evidence do not sufficiently demonstrate that Maxwell knowingly possessed a shotgun.

Federal Rule of Criminal Procedure 11(b)(3) provides that the "the court must determine there is a factual basis for the plea" prior to entering judgment on a plea of guilty.  To determine whether a sufficient factual basis for the plea exists, the court may consider "facts gathered from the prosecutor's summarization of the plea agreement and the language of the plea agreement itself, a colloquy between the defendant and the district court, and the stipulated facts before the district court." <u>U.S. v. Brown</u>, 331 F.3d 591, 595 (8th Cir. 2003) (internal citations omitted).

The record reflects that there was a sufficient factual basis to support a guilty plea. Defendant signed the Plea Agreement, initialed Paragraph 17 thereof, and pledged under oath that all facts set forth in that document were "true and accurate." <u>See</u> Plea Hr'g Tr. at 11-12.  Defendant seeks to obviate responsibility for possession of a firearm because

co-defendant Bradley actually carried the weapon and drove the vehicle containing the firearm in the backseat. Defendant raises two arguments to support his allegation of innocence. First, the defendant states that he had no control over the weapon and a person only retains "constructive possession of contraband if he has 'ownership, dominion or control over the contraband itself, *or dominion over the premises in which the contraband is concealed*.'" U.S. v. Brett, 872 F.2d 1365, 1369 (8th Cir. 1989) (quoting U.S. v. Matra, 841 F.2d 837, 840 (8th Cir. 1988) (emphasis added)). Second, the defendant asserts that "more evidence of knowledge and control" is needed to prove constructive possession when the contraband is located "in someone else's apartment, as opposed to his own residence" and wishes to extend this line of reasoning to the getaway vehicle in this case. See U.S. v. Lemon, 239 F.3d 968, 970 (2001).

The Eighth Circuit Court of Appeals has defined possession as "knowledge of presence plus control" and determined that constructive possession need not be exclusive, but may be joint among defendants. U.S. v. Wells, 721 F.2d 1160, 1162 (8th Cir. 1983). See also, e.g., U.S. v. Caspers, 736 F.2d 1246, 1249 (8th Cir. 1984); U.S. v. O'Connell, 841 F.2d 1408, 1425 (8th Cir. 1988). Furthermore, direct evidence of possession or control is not required when "sufficient circumstantial evidence support[s] a finding of constructive or joint possession." U.S. v. Koskela, 86 F.3d 122, 127 (8th Cir. 1996) (citing U.S. v. Boykin, 986 F.2d 270, 274 (8th Cir. 1993)).

Although the defendant never actually or exclusively possessed the shotgun, there is circumstantial evidence that supports a finding of constructive possession in this case. See 86 F.3d at 124, 127 (noting that one of two habitual offenders that burglarized a gun shop was convicted of felony in possession of a firearm on circumstantial evidence alone). The record reveals that Maxwell and Bradley illegally entered a private residence with the intent to commit burglary, removed property (i.e. shotgun) from the home, fled the scene together upon confronting the homeowner, and were stopped by police while occupying the same vehicle used during the burglary. The two co-defendants were associates acting

in concert and jointly executed their plan. It is also relevant that both defendants had several prior convictions for burglary. This court notes that the sum total of these facts and the logical inferences that the government may derive from them suffice even under the <u>Lemon</u> "more evidence" threshold.

Defendant's contention that he was a mere "passenger" in the vehicle and never had "control over" the firearm does not remove him from liability under a theory of constructive possession, particularly when the defendant was likely aware of the shotgun's presence in the car. Furthermore, Maxwell's close relationship with Bradley throughout the ordeal demonstrates a sufficient degree of association with the individual in physical possession of the firearm to support a conviction. <u>See</u> <u>Wells</u>, 721 F.2d at 1162.

Because there appeared to be "'sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense,'" the defendant's guilty plea conforms to the <u>Rule</u> 11 requirements. <u>U.S. v. Nelson</u>, 109 F.3d 1323, 1325 (8th Cir. 1997) (quoting <u>White v. United States</u>, 858 F.2d 416, 423 (8th Cir. 1988)). Defendant's primary argument for withdrawal rests on the single contention that there exists an insufficient factual basis exists to support his prior plea of guilty. In light of the aforementioned evidentiary indicia, this court rejects that argument. The Eighth Circuit Court of Appeals has held that a defendant's failure to provide a fair and just reason for withdrawal of a guilty plea effectively ends the inquiry and the court need not consider the remaining three <u>Embrey</u>-type factors of analysis. <u>See</u> <u>U.S. v. Abdullah</u>, 947 F.2d 306, 311 (8th Cir. 1991). However, consideration of the remaining analytical factors further demonstrate that defendant's motion to withdraw guilty plea is not proper.

The second factor is whether defendant asserted his innocence. At the guilty plea hearing, this court thoroughly questioned Maxwell as to his understanding and acceptance of those facts stipulated under the plea agreement to which Maxwell responded in the affirmative. <u>See</u> Plea Hr'g Tr. at 12-13. He was specifically told that "knowing" possession of a firearm means that there was no mistake, accident, or other innocent

reason for the possession (Tr. 9-10). Maxwell offered an informed and voluntary plea of guilty while under oath and with the benefit of competent legal representation. When asked for the final time, Maxwell thanked the court for accepting his plea and clearly stated: "I am guilty, your Honor" (Tr. 22). Maxwell now maintains that the existence of a viable defense necessarily establishes his innocence for the felon in possession charge. However, the Eight Circuit Court of Appeals has found that the "'mere assertion of innocence, absent a substantial supporting record[,] will not be sufficient to overturn a denial of a motion to withdraw.'" U.S. v. Ludwig, 972 F.2d 948, 951 (8th Cir. 1992) (quoting U.S. v. Clark, 931 F.2d 292, 295 (5th Cir. 1991)). Because the record supports a sufficient factual basis for a guilty plea under a theory of constructive possession and defendant has failed to provide other facts or circumstances to the contrary that reach the threshold of "substantial" support, the defendant does not fulfill the second factor.

The third factor is the length of time between the guilty plea and the motion to withdraw. The guilty plea hearing was held on January 6, 2006 and the plea was accepted by the court without objection on January 23, 2006. The draft Presentence Investigation Report was prepared in May of 2006. Defendant filed his motion to withdraw his guilty plea on May 17, 2006. Defendant cites U.S. v. Couto, 311 F.3d 179 (2d Cir. 2002), and U.S. v. Russell, 686 F.2d 35 (D.C. Cir. 1982), to support the timeliness of this motion, but they are unpersuasive as the facts are distinguishable in this case. The defendant here neither protested his innocence from the beginning nor did he claim the ineffective assistance of counsel as a primary ground for the guilty plea withdrawal. The court made elaborate findings of fact at the conclusion of the plea hearing (Tr. 23) and no objections were ever filed. Instead, this court agrees with the government that the defendant now appears to have second thoughts as to his earlier plea. The record demonstrates that the defendant attested to his understanding of the charge and consequences of accepting a

guilty plea during the January 6th hearing and this court follows the Eighth Circuit Court of Appeals' finding that a "plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same." U.S. v. Woosley, 440 F.2d 1280, 1281 (8th Cir. 1971).

The fourth factor is whether the government would be prejudiced in allowing the defendant to withdraw his guilty plea. The court can find no particular prejudice to the government from allowing defendant to withdraw his plea other than requiring the government to now prepare for trial when defendant had previously waived his jury trial rights.

After considering all of the factors set forth above, **IT IS RECOMMENDED**, unless any party files objections[2] to the Report and Recommendation within ten (10) days of the date of the Report and Recommendation, that the defendant's motion to withdraw guilty plea (docket number 43) and concurrent request for a hearing on this matter be denied.

July 11, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[2] Any party who objects to this Report and Recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the Report and Recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.